# United States Court of Appeals for the Fifth Circuit

No. 23-30712
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 29, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

*versus*

Malcolm Oliver, Jr.,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CR-92-5

Before Smith, Higginson, and Engelhardt, *Circuit Judges.*

Per Curiam:[*]

Malcolm Oliver, Jr., appeals the below-guidelines sentence of a total of 190 months of imprisonment imposed after he pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30712

U.S.C. § 846. Oliver contends that the district court violated his due process rights in calculating his base offense level, erred in applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(12), and erred in not categorically rejecting the methamphetamine guidelines.

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007). There is no clear error if a factual finding is plausible in light of the record as a whole. *Id.*

Oliver argues that his due process rights were violated when the district court adopted the presentence report's ("PSR") drug quantity findings, when it used the preponderance-of-the-evidence standard in determining relevant conduct, and when it considered hearsay. However, these arguments are foreclosed. "At sentencing, due process merely requires that information relied on in determining an appropriate sentence have some minimal indicium of reliability and bear some rational relationship to the decision to impose a particular sentence," *United States v. Young*, 981 F.2d 180, 187 (5th Cir. 1992) (internal quotation marks omitted), and a PSR generally bears sufficient indicia of reliability to be considered as evidence in making factual determinations at sentencing, *Trujillo*, 502 F.3d at 357. Additionally, "the preponderance standard generally satisfies due process during sentencing," *United States v. Nava*, 957 F.3d 581, 588 (5th Cir. 2020), and "[h]earsay is admissible for sentencing purposes," *Young*, 981 F.2d at 187.

Next, Oliver argues that the district court clearly erred in applying the two-level enhancement under § 2D1.1(b)(12) for maintaining a premises for the purpose of drug trafficking. While Oliver asserts that his use of the apartment as a place to distribute drugs was limited because he conducted transactions elsewhere, the record reflects that drug trafficking activity was

2

"one of [Oliver's] primary or principal uses for the premises." § 2D1.1, comment (n.17); *see United States v. Galicia*, 983 F.3d 842, 844–45 (5th Cir. 2020). In fact, in a five-week period, Oliver arranged more than a dozen drug sales at the apartment. Additionally, a search of the apartment revealed firearms, ammunition, and a substantial quantity of drugs. Finally, despite Oliver's conclusory assertion to the contrary, the record reflects that he had a possessory interest in the premises as he concedes that he actually resided in the apartment and that he controlled access and activities at the apartment by conducting drug transactions there, storing drugs there, and directing his girlfriend to distribute drugs from there. *See* § 2D1.1, comment (n.17). Because the district court could have plausibly found that a primary use of the apartment was to facilitate drug trafficking, the district court did not clearly err in imposing an enhancement under § 2D1.1(b)(12).

Finally, Oliver argues that the district court should have categorically rejected the methamphetamine guidelines because there is no empirical support to justify the ten-fold sentencing disparity between actual methamphetamine and a substance containing methamphetamine. Regardless of whether the Guidelines are empirically based, it is for the Sentencing Commission to alter or amend them. *United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011). Moreover, while a district court has the discretion to vary from the guidelines based on a policy disagreement, it is "never required" to do so. *United States v. Malone*, 828 F.3d 331, 339 (5th Cir. 2016). Accordingly, the district court did not err in declining to categorically reject the methamphetamine guidelines.

AFFIRMED.